IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **GLORIA ITMAIZA**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**PETCO ANIMAL SUPPLIES STORES, INC.**,<br><br>    Defendant. | **Case No.** |

## NOTICE OF REMOVAL

Defendant Petco Animal Supplies Stores, Inc. ("Defendant") respectfully removes to this Court the state court action described below. Removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members, and there is more than $5,000,000 in controversy.

## NATURE OF THE CASE

1. Plaintiff filed this lawsuit on February 17, 2021, in the Circuit Court of the Fifth Judicial District in and for Hernando County, Florida, entitled *Gloria Itmaiza, individually and on behalf of all others similarly situated vs. Petco Animal Supplies Stores, Inc.,* Case No. 2021-CA-122. A true and correct copy of the

complaint in the State Court Action (the "Complaint") served upon Defendant is attached hereto as **Exhibit A**.

2. Defendants were served with the Complaint on or about February 23, 2021. A copy of the Summons is included as part of **Exhibit C.**

3. A copy of the State Court Docket Sheet is Attached as **Exhibit B.**

4. In addition to the Complaint and the Summons, all other pleadings, processes, and orders served upon or received by Defendant in the State Court Action are attached hereto as **Exhibit C**, State Court Filings.

5. Plaintiff's Complaint alleges that Defendant utilized "session replay" software to intercept Plaintiff's and putative class members' electronic communications with Defendant's website in alleged violation of the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01, et seq. ("FSCA"). *See* **Exhibit A**, ¶¶ 1-2.

6. According to Plaintiff, the FSCA authorizes statutory damages "computed at the rate of $100 a day for each violation or $1,000, whichever is higher." **Exhibit A**, ¶ 39.

7. Plaintiff also alleges entitlement to reasonable attorney's fees, costs, as well as injunctive relief. *Id.*, ¶¶ 40-41.

8. Plaintiff seeks to represent the following putative class:

> All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications

were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.

*Id.,* ¶ 20.

9. Plaintiff asserts the following cause of action: Count I: Violation of the FSCA, Fla. Stat. Ann. § 934.03.

10. Accordingly, Plaintiff seeks to recover, from Defendant, statutory damages, injunctive relief, and attorney's fees.

## I. PROCEDURAL BACKGROUND.

11. On February 17, 2021, Plaintiff filed her Complaint in state court in the County of Hernando, Florida.

12. On February 23, 2021, Plaintiff served Defendant.

13. Defendant is required to file its notice of removal within thirty days of formal service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Accordingly, Defendant is required to file its notice of removal no later than March 25, 2021.

## II. ALL THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED.

### A. Class Action.

14. This lawsuit is an alleged class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons

as a class action." *Id*. Plaintiff titles her Complaint a "Class Action Complaint," and expressly seeks certification of a class of Florida residents. **Exhibit A**, ¶ 20. She alleges that the class she seeks to represent is comprised of at least 100 Florida residents. *Id.*, ¶ 22. As such, this action is brought on behalf of a class as defined by CAFA.

      **B.**    **Diversity of Citizenship**.

15.    At the time this lawsuit was filed and as of the date of this Notice of Removal, a member of the proposed class of plaintiffs and a defendant are citizens of different states, satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

16.    At the time this lawsuit was filed and as of the date of this Notice of Removal, Defendant is alleged to maintain its principal place of business in California, and in fact, Defendant is not a citizen of Florida. **Exhibit A**, ¶ 6.

17.    Defendant is incorporated in Delaware.

18.    At the time of the commencement of this action and as of the date of this Notice of Removal, the named plaintiff, Gloria Itmaiza, was alleged to be and is a citizen of Florida. **Exhibit A**, ¶ 5.

      **C.**    **Amount in Controversy**.

19.    CAFA confers original jurisdiction to the district courts "of *any civil action* in which the matter in controversy exceeds the sum or value of $5,000,000 .

. . . and is a class action in which [there is minimal diversity.]" *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1205 (11th Cir. 2007) (emphasis original); *Perisic v. Ashley Furniture Indus., Inc.*, No. 8:16-CV-3255-EAK-SPF, 2018 WL 8581976, at *5 (M.D. Fla. Nov. 7, 2018) (same principle).

20. The amount in controversy is not proof of "how much the plaintiffs are ultimately likely to recover" and is instead an "estimate of how much will be put at issue during the litigation." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). A defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

### a. Statutory Damages.

21. Plaintiff seeks statutory damages of at least $1,000 per putative class member. **Exhibit A**, ¶ 39. Per Plaintiffs' allegations, $1,000 for every statutory violation of the FSCA is the *floor* of statutory damages. Plaintiff is correct; the FSCA "permits a private cause of action providing for a *minimum* of $1,000 in liquidated damages for an interception in violation of the Act." *Stalley v. ADS All. Data Sys., Inc.*, 997 F. Supp. 2d 1259, 1262 (M.D. Fla. 2014), *aff'd sub nom. Stallely v. ADS All. Data Sys., Inc.*, 602 F. App'x 732 (11th Cir. 2015) (emphasis added).

22. Plaintiff's proposed class includes any individual who visited Defendant's website and whose electronic communications were intercepted by Defendant, unlimited as to time. *Id.*, ¶ 20.

23. Plaintiff alleges that Defendant makes a practice of using software to intercept and record individuals' interactions with its website. **Exhibit A**, ¶ 1. Plaintiff further alleges that her claim that Defendant intercepted and recorded her communications is typical of other individuals interacting with Defendant's website. *Id.*, ¶ 26. Plaintiff does not allege any limiting factor regarding this alleged practice such as a time period during which Defendant is alleged to have intercepted communications in violation of the FSCA, or a type of website visit Defendant is alleged to have intercepted.

24. Accordingly, Plaintiff's Complaint puts at issue all unique visits to Defendant's website. In other words, Plaintiff's allegations, taken as true for the purposes of removal, suggest that Defendant records all internet traffic interfacing with its website in violation of the FSCA.

25. In 2020, Defendant had over 7 million unique visits to its website from Florida.

26. Defendant does not concede that it has committed these or any statutory violations. However, based on Plaintiff's allegations that Defendant regularly or always recorded individuals' interactions with its website, this action easily meets

6

the amount in controversy threshold for removal. Plaintiff's complaint places more than $7 billion in controversy given that there were more than 7 million Florida visitors to Defendant's website in 2020 alone. As a result, the complaint unmistakably puts at issue an amount in controversy that far exceeds CAFA's $5,000,000 threshold.

### b. Punitive Damages.

27. Punitive damages may be considered in determining the requisite jurisdictional amount. *Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014). Here, Plaintiff expressly seeks punitive damages. **Exhibit A**, p. 8.

28. Defendant does not concede that Plaintiff is entitled to such damages. However, viewing Plaintiff's Complaint as pled, which is the standard for removal analysis, those damages should be included for purposes of determining the amount in controversy. Plaintiff's punitive damages will put the amount in controversy even further over $5 million when the above-described denied claims are considered.

### c. Attorney's Fees.

29. In addition, Plaintiff has specifically demanded attorneys' fees. **Exhibit A**, p. 8.

30. Attorneys' fees, where specifically permitted by statute, may also be considered as part of the amount-in-controversy for purposes of federal jurisdiction. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1273 (S.D. Fla. 2020); *Lee-*

*Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1356 (N.D. Fla. 2011). Here, the FSCA expressly allows for the recovery of attorney's fees. Fla. Stat. Ann. § 934.10(1)(d). Accordingly, that amount, too, could count toward satisfying the jurisdictional minimum.

31. In class action cases, courts in the Eleventh Circuit typically award 20%-30% of the class benefit, which is known as the "benchmark range." *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019); *In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1366 (S.D. Fla. 2011) (awarding 30% of $410m to class counsel and finding that a survey of 35 class actions in the Eleventh Circuit revealed an average fee award of 28.1% and a median of 30%).

32. In this case, Plaintiff's claim for attorneys' fees increases the amount in controversy even further over $5 million. Again, Defendant certainly does not concede such fees would be justified, but they are properly considered for purposes of the amount in controversy analysis.

33. In sum, given Plaintiff's Complaint allegations and all the justifiable extrapolations and calculations set forth above, the minimum jurisdictional amount requirement of $5,000,000 is easily satisfied.

### D.     Number of Proposed Class Members.

34. As required by 28 U.S.C. § 1332(d)(5), the number of members of the proposed class here is at least 100 persons. Given that plaintiff has alleged that

Defendant regularly or always recorded individuals' interactions with its website, the number of proposed class members is equal to the number of Florida visitors to Defendant's website. Because the number of Florida visitors was more than 7 million in 2020 alone, the number of proposed class members far exceeds 100.

### E. CAFA Applies to this Action.

35. CAFA applies to actions "commenced" on or after its effective date, February 18, 2005. This action was filed in February, 2021, so CAFA clearly applies.

### III. THE EXCEPTIONS UNDER CAFA DO NOT APPLY.

36. The exceptions under CAFA do not apply because Plaintiff correctly alleges that Defendant is a foreign entity, not a Florida resident. **Exhibit A**, ¶ 6; *see* 28 U.S.C. § 1332(d)(4)(A)(i)(II) (local controversy exception requires at least one defendant to be a citizen of the State in which the action was filed); § 1332(d)(4)(B) (home state controversy exception has the same requirement; 28 U.S.C. § 1332(d)(3) (discretionary exception also requires primary defendants to be citizens of the State in which the action was filed).

### IV. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED.

37. Removal is timely under 28 U.S.C. §§ 1446(b) and 1453, because the Complaint in this case is the first pleading, motion, order, or other paper from which it could first be ascertained that this action is one which is or has become removable.

The Complaint was served on February 23, 2021, and the instant notice of removal is being filed on or before March 25, 2021. In addition, venue is appropriate here because Plaintiff resides in this judicial district, and the alleged acts and omissions giving rise to this action occurred here. 28 U.S.C. § 1391.

38.     Defendant, promptly after the filing of this Notice of Removal, shall give written notice thereof to all adverse parties and file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Fifth Judicial District in and for Hernando County, Florida.

39.     Defendant has, therefore, satisfied all the requirements for removal under 28 U.S.C. § 1446 and all other applicable rules.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests this Court assume full jurisdiction over the cause herein as provided by law. Defendant intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiff's pleadings and the propriety of class certification.

Respectfully submitted this 24th day of March, 2021.

> BAKER & HOSTETLER LLP
>
> */s/Julie Singer Brady*
> Julie Singer Brady
> Florida Bar No. 389315
> Email:   jsingerbrady@bakerlaw.com

pkenaley@bakerlaw.com
Yameel Mercado Robles
Florida Bar No. 1003897
Email:
ymercadorobles@bakerlaw.com
emachin@bakerlaw.com
200 South Orange Avenue, Suite 2300
Orlando, FL 32801-3432
(407) 649-4000

Paul G. Karlsgodt
(*Pro Hac Vice* to be sought)
Matthew C. Baisley
(*Pro Hac Vice* to be sought)
1801 California Street, Suite 4400
Denver, CO 80202
(303) 764-4013

*Attorneys for Defendant Petco Animal Supplies Stores, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served through the Court's ECF system on this 24th day of March, 2021, on all counsel of record.

                                               */s/Julie Singer Brady*
                                               Julie Singer Brady